JONATHAN K. WALDROP (SBN: 297903)
jwaldrop@kasowitz.com
MARCUS A. BARBER (SBN: 307361)
mbarber@kasowitz.com
JACK SHAW (SBN: 309382)
jshaw@kasowitz.com
GURTEJ SINGH (SBN:  286547)
gsingh@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Tel:  (650) 453-5170
Fax:  (650) 453-5171

Attorneys for Defendants AREBESK INC. and
LEANA SHAYEFAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| THIRTY THREE THREADS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AREBESK INC., a California corporation; LEANA SHAYEFAR, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  2:18-cv-09765-RGK-FFM<br><br>**DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendants Arebesk Inc. ("Arebesk") and Leana Shayefar ("Shayefar") (collectively, "Defendants"), through their counsel, respond to the Complaint ("Complaint") of Plaintiff Thirty Three Threads Inc. ("Plaintiff") as set forth below, and hereby bring counterclaims against Plaintiff.  In response to all paragraphs of the Complaint, Defendants deny each and every allegation except as expressly admitted herein.  Defendants respond specifically to Plaintiff's averments as follows:

## PARTIES

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

2.    Defendant Arebesk admits the allegations in paragraph 2.

3.    Defendant Shayefar admits the allegations in paragraph 3.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny them.

5.    Defendants deny the allegations in paragraph 5.

6.    Defendants deny the allegations in paragraph 6.

7.    Defendants deny the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.    Defendants admit that the Complaint purports to initiate a civil action for patent infringement, but deny that Plaintiff has any such claim or that any such claim is justified.  Defendants admit that this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b).

9.    For purposes of this answer only, Defendants do not challenge that venue is proper in this District.  Defendants deny the remaining allegations in paragraph 9, and specifically deny that they have committed any acts of infringement.

## BACKGROUND OF THE CONTROVERSY

10.    Defendants admit that a copy of United States Design Patent No. D707,036 (the "'036 Patent"), entitled "Sock," is attached as Exhibit A to the Complaint.  Defendants deny that the '036 Patent was duly and legally issued. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore deny them.

11.    Defendants admit that the '036 Patent generally relates to foot apparel.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
2
CASE NO. 2:18-CV-09765-RGK-FFM

Defendants deny the remaining allegations in paragraph 11.

12.   Defendants admit that Defendant Shayefar has manufactured, imported, marketed, and/or sold sock products in connection with the name "Arebesk." Defendants specifically deny that they have committed any acts of infringement. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore deny them.

13.   Defendants admit that Defendant Shayefar received the letter attached as Exhibit B to the Complaint. Defendants deny the remaining allegations in paragraph 13.

14.   Defendants admit that Defendant Shayefar did not send a response to the letter attached as Exhibit B to the Complaint. Defendants deny the remaining allegations in paragraph 14.

15.   Defendants admit that Defendant Arebesk was registered as a corporation in the State of California on March 28, 2018 with Defendant Shayefar named as its sole corporate officer and agent for service of process. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore deny them.

16.   Defendants admit that Defendant Arebesk sells products of at least four different colors through its website https://arebesk.com under the name "Phish Net." Defendants further admit that the Complaint purports to include exemplary images of products sold through Arebesk's website. Defendants deny the remaining allegations in paragraph 16.

17.   Defendants deny the allegations in paragraph 17.

18.   Defendants deny the allegations in paragraph 18.

## FIRST CLAIM FOR RELIEF

19.   Defendants repeat and incorporate their answers to each of the preceding paragraphs 1 through 18 as their answer to paragraph 19, as though fully set forth

herein.

20. Defendants admit that the '036 Patent is entitled "Sock." Defendants deny that the '036 Patent was duly and legally issued. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore deny them.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in this case, and prays that the Court deny all relief sought by Plaintiff.

## AFFIRMATIVE DEFENSES

For the asserted affirmative and other defenses, Defendants do not assume the burden of proof where such burden is not legally upon Defendants. Defendants allege and assert the following defenses in response to Plaintiff's allegations and reserve all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case:

## FIRST AFFIRMATIVE DEFENSE
## (Noninfringement of U.S. Patent No. D707,036)

26. Defendants do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable, and properly construed claim of the '036 Patent. A more detailed basis for this defense is set forth in Defendants' Counterclaim, which is included below and incorporated by reference herein.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

4

CASE NO. 2:18-CV-09765-RGK-FFM

## SECOND AFFIRMATIVE DEFENSE

## (Invalidity of U.S. Patent No. D707,036)

27. The '036 Patent is invalid for failure to satisfy one or more provisions of the patentability requirements specified in 35 U.S.C. § 101 et seq., including without limitation, §§ 102, 103, and 112. A more detailed basis for this defense is set forth in Defendants' Counterclaim, which is included below and incorporated by reference herein.

## THIRD AFFIRMATIVE DEFENSE

## (Statutory Limitations on Damages and Costs)

28. Plaintiff's claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Arebesk and Shayefar hereby assert counterclaims against Plaintiff as follows:

## PARTIES

1. Counterclaim-Plaintiff Arebesk, Inc. is a California corporation having a principal place of business located at 10850 Wilshire Blvd., Suite 1120, Los Angeles, California 90024.

2. Counterclaim-Plaintiff Leana Shayefar is an individual residing at 15506 Hamner Drive, Los Angeles, California 90077, and is the sole corporate officer and agent for service of process of Arebesk.

3. Counterclaim-Defendant Thirty Three Threads alleges that it is a corporation organized and existing under the laws of the State of California, and has a principal place of business at 1330 Park Center Drive, Vista, California 92081.

## JURISDICTION AND VENUE

4. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §1, et seq. This Court has subject matter jurisdiction over these counterclaims

pursuant to 28 U.S.C. §§ 1331, 1338(a).

5.     This Court has personal jurisdiction over Plaintiff by virtue, *inter alia*, of its filing of its Complaint for patent infringement against Defendants in this Court. Plaintiff has consented to venue in this District by filing this action, which is currently pending in this District.

6.     Accordingly, these counterclaims may, at this time, be brought in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7.     By virtue of the allegations in the Complaint and Defendants' Answer thereto, an actual controversy exists between Defendants and Plaintiff as to whether the '036 Patent is invalid, unenforceable, and/or not infringed.

## FACTUAL BACKGROUND

8.     Defendants sell "Phish Net" sock products.

9.     Patent application No. 29/462,408 (the "'408 Application") was filed on August 15, 2013, and later matured into U.S. Design Patent No. D707,036 (the "'036 Patent").

10.    The named inventor, Joe Patterson, failed to disclose any prior art to the U.S. Patent and Trademark Office in connection with the '408 Application.

11.    The applicant, ToeSox, Inc., failed to disclose any prior art to the U.S. Patent and Trademark Office in connection with the '408 Application.

12.    On information and belief, both the named inventor and the applicant were aware of material prior art, but failed to submit it during the prosecution of the '408 Application.

## COUNT 1:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '036 PATENT

13.    Defendants restate and incorporate by reference paragraphs 1-12 of their Counterclaims such that each of those allegations is made in this Count I.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                6                CASE NO. 2:18-CV-09765-RGK-FFM

14.    Plaintiff claims to have an ownership interest by assignment in the '036 Patent and claims to have the right to enforce the '036 Patent.

15.    In this action, Plaintiff alleges that Defendants infringe the '036 Patent.

16.    Defendants are not infringing, have not infringed, and are not liable for any infringement, either directly or indirectly, literally or under the doctrine of equivalents, of any valid and enforceable claim of the '036 Patent, and Plaintiff is entitled to no relief of any claim in the Complaint for, *inter alia*, at least the reasons stated in Defendants' Answer and Affirmative Defenses.

17.    The sock design claimed in the '036 Patent includes, among other things, a cutout over the instep and partial toe coverings.



FIG. 1

18.    The partial toe coverings is a functional feature that provides grip to the wearer of the article.

19.    The cutout over the instep is a functional feature that provides ventilation to the wearer of the article.

20.     As shown above, the design claimed in the '036 Patent includes a specific "zigzag" pattern around the instep opening.

21.     The Defendants' Phish Net products do not include the claimed "zigzag" pattern around the instep opening.

22.     As shown below, Defendants' products accused by Plaintiff have a distinct overall impression as compared to the design claimed in the '036 Patent:

| '036 Patent | Phish Net (Purported photo from Complaint ¶ 16) |
|---|---|
| | |

FIG. 1

23.     The '036 Patent claims a sock having an unembellished bottom side (shown in Fig. 2).

24.     The Phish Net socks contain an ornamental design on their bottom side.

25.     The '036 Patent claims a sock wherein the outer edges of the partial toe coverings line up with one another.

26.     In the Phish Net socks, the toe coverings do not line up with one another, i.e., they are stepped.

27.     As shown below, these differences provide a distinct appearance

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                    8                    CASE NO. 2:18-CV-09765-RGK-FFM

between the design claimed in the '036 Patent (below, left) and the Phish Net socks (below, right):

| '036 Patent | Phish Net (Purported photo from Complaint ¶ 16) |
|---|---|
|  FIG. 2 | |

28. Thus, an immediate, real, and justiciable controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, with respect to the alleged infringement of the '036 Patent.

29. Defendants are entitled to a declaratory judgment that they have not and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the '036 Patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '036 PATENT

30. Defendants restate and incorporate by reference their allegations in paragraphs 13-29 of their Counterclaims so that each of those allegations is made in this Count II.

31. The '036 Patent is invalid for failure to meet one or more of the

conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto, including, without limitation, one or more of 35 U.S.C. §§ 102, 103, and/or 112.

32.     The '036 Patent for example, is invalid under 35 U.S.C. § 103 for obviousness based at least on the following exemplary references:

          a)     CN103110196A;
          b)     CN201045870Y;
          c)     CN201557559U;
          d)     JP2011089234A;
          e)     USD626740;
          f)     CN201996914U;
          g)     CN202197844U;
          h)     CN203040701U;
          i)     JP2004270122A;
          j)     US5724836;
          k)     US5867838A;
          l)     US7107626;
          m)     USD581654;
          n)     USD655908; and
          o)     USD664349.

33.     The design claimed in the '036 Patent is a combination of old and trivial elements.

34.     As shown below, foot coverings having five separate openings for each of the toes were known in the prior art.



**U.S. D581,654**

FIG. 1

**U.S. 7,107,626**

【図 3】

**JP200427011**

35. As shown below, foot coverings having an opening on the top of the instep were known in the prior art.



FIG. 1

U.S. D626,740

FIG. 1

U.S. D664,349

图 2

CN201045870Y

36. The design claimed in the '036 Patent would, at a minimum, have been obvious to a designer of ordinary skill who designs socks, footwear, and/or other foot coverings.

37. Thus, an immediate, real, and justiciable controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, with respect to the validity of the '036 Patent.

38. Defendants are entitled to a declaratory judgment that the '036 Patent is invalid.

## COUNT III

## TORTIOUS INTERFERENCE

39. Defendants restate and incorporate by reference their allegations in paragraphs 30-38 of their Counterclaims so that each of those allegations is made in this Count III.

40. On information and belief, Plaintiff sent notices to one or more of Defendants' customers alleging that the Phish Net sock products infringe the '036 Patent.

41. In response, Defendants' customers have sought to return and/or cease purchasing the Phish Net sock products.

42. Plaintiff knew of Defendants' business relations with Defendants' customers.

43. For the reasons discussed above, Plaintiff knew, or should have known, that the Phish Net sock products do not infringe the '036 Patent.

44. For the reasons discussed above, Plaintiff knew, or should have known, that the '036 Patent was invalid and unenforceable.

45. By making false allegations of patent infringement to Defendants' customers, Plaintiff intentionally interfered with Defendants' business relations with their customers, including Defendants' ability to sell the Phish Net sock products to

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

13

CASE NO. 2:18-CV-09765-RGK-FFM

their customers.

46. By intentionally using wrongful means as alleged above, Plaintiff acted with the purpose of harming Defendants and their business relations with third-parties, including Defendants' customers.

47. By reason of the foregoing, Plaintiff committed the tort of interference with business relations.

48. As a result, Defendants have sustained, and continue to sustain, substantial monetary damages.

## EXCEPTIONAL CASE

39. This action qualifies as an exceptional case, supporting attorneys' fees for Defendants against Plaintiff pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable by right in these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, as to its Affirmative Defenses and Counterclaims, Defendants pray for judgment as follows:

a. a dismissal with prejudice of Plaintiff's claims against Defendants for patent infringement and denial of any and all relief and prayers for damages to Plaintiff;

b. a judgment against Plaintiff declaring that Defendants have not infringed, literally or under the doctrine of equivalents, the '036 Patent;

c. a judgment against Plaintiff declaring that the '036 Patent is invalid;

d. a judgment in favor of Defendants that this is an exceptional case and awarding Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

e. injunctive relief restraining Plaintiff, its agents, servants, employees, successors and assigns, and all others in concert and privity with Plaintiff, from

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                    14                    CASE NO. 2:18-CV-09765-RGK-FFM

interfering in Defendants' business relationships;

    f.    an award of all damages that Defendants have suffered as a result of Plaintiff's tortious interference; and

    g.    an award or any other and further relief as this Court may deem just and proper.

Dated:  March 25, 2019                    Respectfully submitted,

                                          **KASOWITZ BENSON TORRES LLP**

                                          By: */s/ JONATHAN K. WALDROP*
                                               JONATHAN K. WALDROP
                                               (SBN: 297903)
                                               jwaldrop@kasowitz.com
                                               MARCUS A. BARBER
                                               (SBN: 307361)
                                               mbarber@kasowitz.com
                                               JACK SHAW
                                               (SBN: 309382)
                                               jshaw@kasowitz.com
                                               GURTEJ SINGH
                                               (SBN: 286547)
                                               gsingh@kasowitz.com
                                               333 Twin Dolphin Drive, Suite 200
                                               Redwood Shores, California 94065

                                               Attorneys for Defendants AREBESK, INC. and LEANA SHAYEFAR

## **PROOF OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5-5(b) on March 25, 2019. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ JONATHAN K. WALDROP*
JONATHAN K. WALDROP

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

CASE NO. 2:18-CV-09765-RGK-FFM