# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AREBESK INC., a California corporation; LEANA SHAYEFAR, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-09765-RGK-FFM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Honorable Frederick F. Mumm** |

WHEREAS, in the course of conducting discovery of each other's claims and defenses, the parties anticipate they will request of each other the production of discovery material which sets forth or contains trade secrets or confidential information entitled to protection as defined in paragraphs 1 and 2, below, including but not limited to, customer lists, sales, costs, profits, and profit margins relating to products embodied by the Patent-in-Suit as well as products accused to infringe the Patent-in-Suit.

1

Accordingly, the parties seek to designate such information as "Confidential Discovery Material" pursuant to this Order. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Upon such basis, the parties further believe that "good cause" exists for the entry of this Order.

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff and Defendants herein, and their respective undersigned counsel, as follows:

1. Any information produced as part of the discovery in this action that the Producing Party(ies) in good faith believe contains confidential information may be designated by that Party as "Confidential" or "Confidential-Attorneys' Eyes Only" (collectively, "Confidential Discovery Material"). As a general guideline, any information which is publicly available or which may be readily ascertained from publicly available information shall not be designated as "Confidential" or "Confidential-Attorneys' Eyes Only."

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

/ / /

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

2. Information may be designated "Confidential-Attorneys' Eyes Only" when it contains highly confidential or trade secret information, including but not limited to non-public information relating to technical design and product development documents and blueprints; confidential business information such as customer lists, potential customers and marketing surveys, marketing plans or strategies; or non-public financial information or projections, including without limitation, sales, profits, liabilities, and asset information.

3. Confidential Discovery Material shall be used solely for the prosecution or defense of this action, during both the pendency of and subsequent to the termination of this action. Confidential Discovery Material shall not be used for any other purpose. Control and distribution of all discovery material shall be the responsibility of attorneys of record herein and shall be solely in accordance with the provisions of this Order. **Any use of Confidential Discovery Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Discovery Material at trial.**

4. Subject to Paragraph 16, Designation of information as "Confidential Discovery Material" pursuant to this Order shall be made at the time the information is produced or filed, by identifying the document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

/ / /

5. (a) A Party may designate as Confidential Discovery Material any deposition testimony in these proceedings or any portion thereof by (i) notifying counsel for the parties in writing of those pages or portion of pages of the transcript which are to be stamped and treated as Confidential Discovery Material, such notice to be given no later than thirty (30) days after actual receipt of the transcript of the deposition by such notifying Party's counsel; or (ii) designating the material as Confidential Discovery Material on the record. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), the entire deposition shall be treated as if it were CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

(b) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

6. Except as otherwise provided herein, Confidential Discovery Material designated as "CONFIDENTIAL" may be inspected, examined or read by, and disclosed, described or summarized, on a need-to-know basis, to:

(a) the Receiving Party's outside counsel of record in this litigation, their partners, associates, paralegals and other law office employees;

(b) officers, directors, in-house counsel, and employees of parties;

(c) Experts and their employees as defined in this Order;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) the author or recipient of the designated document; and

(g) the jury (if applicable) may also inspect, examine, or review "CONFIDENTIAL" discovery material, as needed.

7. Except as otherwise provided herein, Confidential Discovery Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be inspected, examined or read by, and disclosed, described or summarized to, only the following persons:

(a) the Receiving Party's outside counsel of record in this litigation, their partners, associates, paralegals and other law office employees;

(b) Experts and their employees as defined in this Order;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) the author or recipient of the designated document; and

(g) the jury (if applicable) may also inspect, examine, or review "CONFIDENTIAL-ATTORNEYS' EYES ONLY" discovery material, as needed.

8. As used herein, "Expert" means: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as a testifying expert witness or as a non-testifying advisor in this action, (2) is not a past or current employee, consultant or representative of a Party or of a Party's competitor or is not otherwise contracted by or for a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee,

consultant, or representative of a Party or of a Party's competitor or to be contracted by or for a Party or a Party's competitor.

9. (a) A Party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 6(c) or 7(b) of this order until after the expert or consultant has signed an undertaking in the form of Exhibit A to this Order. The Party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling following the dispute resolution process under Local Rule 37.1 et seq., and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

(b) In the event a Party wishes to make disclosure of Confidential Discovery Material to persons other than those referred to in paragraphs 6 or 7 above, the parties shall negotiate in good faith to try to reach agreement, and if they cannot, then such Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

10. In the event that any Party seeks to use information or documents subject to the confidentiality restrictions of this Stipulated Protective Order in motions,

affidavits, briefs, or other documents filed with the Court, or seeks to offer such information or documents in any hearing before the Court, such Party shall submit a written application and a proposed order to the judge to whom such papers are directed along with the document(s) submitted for filing under seal requesting that such materials be filed under seal in the manner prescribed by Central District Local Rule 79-5.1 and judge's orders, if applicable. Written information or documents containing Confidential Materials submitted for filing under seal by the Court shall be marked with the appropriate confidentiality level. Further, in any hearing before the Court, and subject to the discretion of the Court, the courtroom shall be cleared, except for those persons permitted access to the Confidential Discovery Material pursuant to this agreement.

12. Nothing contained in this Order shall affect the right, if any, of any Party or Non-Party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or subpoenas, or to any questions at a deposition. Nor shall this Order be construed as a waiver by any Party or Non-Party of any legally cognizable privilege or objection to withhold any document or information, or of any right which any Party or Non-Party may have to assert such privilege or objection at any stage of the proceedings.

13. Within ninety (90) days after the final adjudication or settlement of all claims in this action, counsel for the parties either shall return all Confidential Discovery Material produced, or shall destroy all such materials. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected

Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. For all Confidential Discovery Material retained by counsel, the terms of this Stipulated Protective Order shall be considered continuing in nature.

14. Nothing herein shall be deemed to restrict the disclosure by any Party of its own documents or materials to its own employees and agents whether or not marked confidential.

15. Nothing herein shall affect the right of any Party to seek additional protection from the Court against the disclosure of any documents or materials or to seek any amendment of the terms hereof or to strike the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation of any materials produced herein.

16. Any Party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document(s) or for any other purpose.

17. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be

established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

18. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

19. If a Party challenges a producer's designation of information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, the challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

20. Applications to the Court to enforce this agreement, modify this agreement or in any way related to this agreement may be made to any federal court with concurrent subject matter jurisdiction over the claims raised in this action, including specifically:

9

the federal court which orders this agreement; any federal court to which this case may be transferred; and any federal court issuing a subpoena or otherwise having concurrent subject matter jurisdiction over discovery proceedings.

**IT IS SO ORDERED.**

DATED: June 25, 2019        /S/ FREDERICK F. MUMM
                     FREDERICK F. MUMM
                 UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AREBESK INC., a California corporation; LEANA SHAYEFAR, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:18-cv-09765-RGK-FFM |

## **EXHIBIT A**

1. I, _____, have read and understand the Stipulation for Order Governing the Designation and Handling of Confidential Materials and Order (the "Order") in this action, dated _____, and agree to be bound by its terms.

2. As set forth in the Order, I shall use Confidential Material, and the information in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and in no other case. I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the enforcement of these agreements and the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____  _____
                                        Signature

                                        _____
                                        Printed Name

                                        _____
                                        Title or Position